IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:21-cr-85 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | **ENDS OF JUSTICE ORDER** |
| TRES GENCO, : | |
| : | |
| Defendant. : | |

The Court held a status conference in this case on September 8, 2022. At the conference, counsel for the Government and Defendant Tres Genco informed the Court the parties have reached an oral plea agreement and requested the Court set this matter for a plea hearing.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by . . . [continuing the trial] outweigh the best interests of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant [such] a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv). A court may exclude a plea negotiation period from the Speedy Trial Act

calculation pursuant to 18 U.S.C. § 3161(h)(7) if the court concludes that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. *United States v. White*, 920 F.3d 1109 (6th Cir. 2019).

The Court is satisfied that counsel have exercised due diligence and that additional time is needed for the parties to finalize a written plea agreement. Therefore, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant to a speedy trial.

Accordingly, the Court sets this matter for a plea hearing on **October 11, 2022 at 10:30 A.M.** in Courtroom 7. The days from September 8, 2022 until October 11, 2022 shall be excluded from the speedy trial calculation.

**IT IS SO ORDERED.**

_____
Judge Susan J. Dlott
United States District Court